UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| FIRST STAR LOGISTICS, LLC,<br>    Plaintiff, | Case No. 1:24-cv-50<br>Hopkins, J.<br>Litkovitz, M.J. |
| v. | |
| WHOLESTONE FARMS<br>COOPERATIVE, INC., *et al.,*<br>    Defendants. | **REPORT AND<br>RECOMMENDATION** |

This matter is before the Court on plaintiff's motion to remand this action to state court. (Doc. 7). Defendants opposed plaintiff's motion (Doc. 14), and plaintiff filed a reply memorandum (Doc. 15). On July 24, 2024, the motion to remand was referred to the undersigned for initial consideration. (Doc. 16). For the reasons set forth below, plaintiff's motion should be granted.

**I.  Background**

Plaintiff initiated this action in the Court of Common Pleas in Hamilton County, Ohio, naming as defendants Wholestone Farms Inc., Wholestone Farms II, LLC, EMMA Transport, Inc., Maria Fernandez, and John Does 1 through 5. (Doc. 5). According to the complaint, Wholestone Farms Inc. and Wholestone Farms II, LLC (collectively "Wholestone") engaged First Star Logistics, LLC ("FSL") to broker the transportation of Wholestone's goods. On February 4, 2022, Wholestone and FSL executed a Shipper-Broker Transportation Agreement,[1] under which FSL would indemnify Wholestone for certain losses, including loss or damage to

---

[1] Although the complaint indicates that the Shipper-Broker Transportation Agreement prepared by Wholestone Farms is "attached hereto as Exhibit A" (Doc. 5 at PAGEID 98), the copy of the complaint filed in this Court has no such attachment. The parties do not appear to dispute the Agreement's contents as relevant to this motion.

freight tendered to FSL as broker. The Shipper-Broker Transportation Agreement mandated that disputes be decided in Dodge County, Nebraska applying Nebraska law.

On February 16, 2022, Wholestone signed FSL's Credit Application which mandated that the parties' relationship be governed by the FSL Rules Circular.[2] The FSL Rules Circular released FSL from liability for various losses. In addition, the FSL Rules Circular mandated that disputes be decided in Hamilton County, Ohio applying Ohio law.

Subsequently, FSL arranged for motor carrier EMMA Transport to haul a load of Wholestone's pork products. On February 28, 2023, a truck arrived to transport; Wholestone tendered the load of pork products; but the pork products never arrived at the intended destination and have never been located.

According to plaintiff's complaint, Wholestone claims the load was stolen and demanded that FSL pay Wholestone $80,636 for the missing pork products. FSL claims that the FSL Rules Circular mandates that Wholestone seek payment from the motor carrier who transported the load, rather than from FSL. EMMA Transport claims that the truck to which Wholestone tendered the pork products was not its truck, even though the truck allegedly "had the relevant load documentation that had been provided to EMMA Transport, had turned on electronic tracking as required, [and] had pre-set its refrigerated trailer to the appropriate temperature, consistent with the instructions that had only been shared with EMMA Transport by Wholestone Farms and FSL." (Doc. 5 at PAGEID 99).

FSL initiated this action in the Court of Common Pleas in Hamilton County, Ohio, seeking a declaratory judgment that the FSL Rules Circular governs this dispute so Wholestone must seek recovery for the missing pork products from the motor carrier exclusively. FSL

---

[2] Although the complaint indicates that the FSL Rules Circular is "attached hereto as Exhibit B" (Doc. 5 at PAGEID 98), the copy of the complaint filed in this Court has no such attachment. The parties do not appear to dispute the FSL Rules Circular's contents as relevant to this motion.

further "seeks monetary damages from EMMA Transport and its Vice President, Maria Fernandez, who accepted the assignment from FSL, for breaching the Broker Carrier Agreement between FSL and EMMA Transport, including for violation of the Moving Ahead for Progress in the 21st Century Act (a.k.a. "MAP-21"), which prohibits a motor carrier such as EMMA Transport from unlawfully 'double brokering' freight to third parties." (Doc. 5 at PAGEID 100).

Wholestone then removed the action to this Court,[3] pursuant to 28 U.S.C. § 1441. (Doc. 1). FSL moved to remand this case to the Court of Common Pleas in Hamilton County, Ohio because Wholestone has not established that this Court has original jurisdiction and because Wholestone failed to obtain consent to remove from co-defendant EMMA Transport. (Doc. 7). Wholestone opposed FSL's motion to remand because FSL's claims necessarily invoke questions of federal law under the Carmack Amendment; EMMA Transport and Maria Fernandez have not been properly served; and, even if EMMA Transport has been properly served, it has not appeared nor objected to removal. (Doc. 14). Both FSL and Wholestone request an award of costs, expenses, and reasonable attorneys' fees incurred in resolving the removal issue. (Docs. 7 and 14). FSL counters that it does not assert any claims under the Carmack Amendment and, as a broker, is not subject to the Carmack Amendment. (Doc. 15). FSL further contends that EMMA Transport was properly joined and served when Wholestone filed its notice of removal, thereby requiring Wholestone to obtain EMMA Transport's consent to remove. (*Id.*). On July 24, 2024, FSL's motion to remand was referred to the undersigned for initial consideration. (Doc. 16).

---

[3] Wholestone removed the case to the United States District Court for the Southern District of Ohio Western Division in Dayton, Ohio. The Clerk of Court initially assigned it case number 3:24-cv-11. (Doc. 1). However, the Magistrate Judge assigned in Dayton, Ohio noted improper venue because Hamilton County, Ohio is located in the Court's Cincinnati Division and transferred this matter the Southern District of Ohio, Western Division at Cincinnati. (Doc. 8). The Clerk of Court then reassigned this action case number 1:24-cv-50.

## II. Law and Analysis

If a defendant removes an action filed in state court to federal court under 28 U.S.C. § 1441(a), "the federal court has jurisdiction only if it would have had original jurisdiction over the action." *Total Quality Logistics, LLC v. Summit Logistics Group, LLC*, 606 F. Supp. 3d 743, 747 (S.D. Ohio 2022). Defendants seeking removal bear the burden of establishing by a preponderance of the evidence that the federal court has original jurisdiction. *Total Quality Logistics, LLC v. James*, 630 F. Supp. 3d 902, 904-05 (S.D. Ohio 2022). Because removal raises significant federalism concerns, courts strictly construe the removal statute, and "resolve doubts in favor of remand." *James*, 630 F. Supp. 3d at 904. *See also Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941) and *Summit Logistics*, 606 F. Supp. 3d at 747.

## III. Federal Question Jurisdiction and Preemption

Federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. To determine if an action "arises under" federal law, the "well-pleaded complaint rule" dictates that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Loftis v. United Parcel Service, Inc.*, 342 F.3d 509, 514 (6th Cir. 2003) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)). As master of its own complaint, "the fact that the wrong asserted could be addressed under either state or federal law does not ordinarily diminish the plaintiff's right to choose a state law cause of action." *Id.* at 515 (quoting *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 943 (6th Cir. 1994)). Accordingly, "a case may not be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Id.* (quoting *Caterpillar*, 482

U.S. at 393). However, "where federal preemption is so complete that conflicting state law not only must yield but is effectively extinguished," "then the state law claim is displaced by the federal cause of action, and the action is subject to removal." *Id.* (sometimes called the "complete preemption corollary to the well-pleaded complaint rule").

In this case, Wholestone contends that the federal court has original jurisdiction pursuant to 28 U.S.C. § 1331 because FSL's claims "necessarily invoke questions of federal law under the Carmack Amendment." (Doc. 14 at PAGEID 278). The Carmack Amendment created "a national scheme of carrier liability for loss or damages to goods transported in interstate commerce." *Total Quality Logistics, LLC v. Lith Transport, Inc.*, No. 1:16-cv-789, 2016 WL 5476148, at *2 (S.D. Ohio Sept. 29, 2016) (citing 49 U.S.C. § 14706(a)(1)). The Amendment "makes a motor carrier fully liable for damage to its cargo unless the shipper has agreed to some limitation in writing." *Exel, Inc. v. Southern Refrigerated Transp., Inc.*, 807 F.3d 140, 148 (6th Cir. 2015). Brokers, however, are not entitled to sue under the Carmack Amendment. *Lith Transport, Inc.*, 2016 WL 5476148, at *2 (citing *Exel,* 807 F.3d at 148-49). Furthermore, the Carmack Amendment does not preempt claims by or against brokers. *Michaela Bohemia, LLC v. FedEx Freight, Inc.*, No. 1:23-cv-463, 2023 WL 318069, at *2-3 (S.D. Ohio Jan. 19, 2023).

It is undisputed that FSL is a broker—not a carrier or a shipper. FSL's well-pleaded complaint neither alleges nor could allege claims under the Carmack Amendment. In addition, because the claims at issue are not completely preempted by the Carmack Amendment, the complete preemption corollary to the well-pleaded complaint rule does not apply. Therefore, this Court lacks federal question jurisdiction in this case.

**IV. Diversity Jurisdiction and the Rule of Unanimity**

Pursuant to 28 U.S.C. § 1332(a), a federal court has original jurisdiction in cases involving citizens of different states and the matter in controversy exceeds $75,000, exclusive of interest and costs. For purposes of determining diversity jurisdiction, a corporation is a citizen of the states in which it is incorporated and in which its principal place of business is located, but a limited liability company's citizenship "is determined by the citizenship of each member." *Beanstalk Innovation, Inc. v. SRG Technoloy, LLC*, 823 F. App'x 404, 408 (6th Cir. 2020) (citing *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009)).

FSL is a limited liability company, but it has not disclosed the citizenship of its members. (Doc. 5 at PAGEID 100). In moving to remand, FSL alleged that Wholestone could not establish complete diversity of citizenship because the citizenship of FSL's members and of Wholestone Farms II, LLC's members had not been disclosed. (Doc. 7 at PAGEID 120-21). Subsequently, Wholestone filed citizenship disclosure statements indicating that Wholestone Farms Cooperative is a citizen of Delaware and Nebraska (Doc. 12) and the members of Wholestone Farms II, LLC are citizens of Iowa, Minnesota, South Dakota, Nebraska, Texas, Kansas, Illinois, Wisconsin, Indiana, Missouri, and Michigan (Doc. 13). In its reply memorandum, FSL relegated its citizenship argument to one sentence in a much longer footnote but failed to develop it further. (Doc. 15 at PAGEID 288, n.1) ("Regarding diversity jurisdiction, Wholestone has not established that all Defendants—including all members of the Wholestone limited liability companies—are diverse and that none of the Defendants are citizens of Ohio."). Without more, the Court accepts the signed declarations of citizenship (Doc. 12 and 13) as evidence of complete diversity of citizenship in this case.

As the Court has original jurisdiction in this matter pursuant to 28 U.S.C. § 1332,[4] we turn to whether the rule of unanimity has been satisfied. The rule of unanimity requires "that a defendant seeking removal to federal court must obtain the consent of all other 'properly joined and served' defendants to ensure the motion is unanimous." *Chambers v. HSBC Bank USA, N.A.*, 796 F.3d 560, 564 (6th Cir. 2015) (quoting 28 U.S.C. § 1446(b)(2)). The rule "ensures that all defendants have a say before a case involving their interests is removed from state court." *Id.*

As the Sixth Circuit has explained:

> Consistent with the prevailing view, we hold that all defendants in the action must join in the removal petition or file their consent to removal in writing within thirty days of receipt of (1) a summons when the initial pleading demonstrates that the case is one that may be removed, or (2) other paper in the case from which it can be ascertained that a previously unremovable case has become removable. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 354, 119 S.Ct. 1322, 143 L.Ed.2d 448 (1999). Failure to obtain unanimous consent forecloses the opportunity for removal under Section 1446.

*Loftis v. United Parcel Serv., Inc.*, 342 F.3d 509, 516 (6th Cir. 2003). A defendant also may consent to removal by timely opposing a motion to remand.[5] *Wilson v. ThyssenKrupp Elevator Corp.*, No. 2:20-cv-2138, 2020 WL 6042012, at *3 (S.D. Ohio Oct. 13, 2020) (citing *City of Cleveland v. Ameriquest Mortg. Servs., Inc.*, 615 F.3d 496, 501 (6th Cir. 2010)).

"[A] breach of the rule of unanimity is a *procedural* issue, not a *substantive* one." *Chambers*, 796 F.3d at 565 (citing *Loftis*, 342 F.3d at 516-17). "[T]echnical defects in the removal procedure, such as a breach of the rule of unanimity, may not be raised *sua*

---

[4] The parties tacitly acknowledge that the amount in controversy exceeds $75,000.
[5] Courts disagree concerning whether consent via opposition to a motion to remand must be filed within thirty days of service. *Compare Stone v. Bank of New York Mellon, N.A.*, 609 F. App'x 979, 981 (11th Cir. 2015) with *JR Food Stores, Inc. v. Hartland Constr. Grp., LLC*, No. 1:19-cv-76, 2019 WL 5430355, at *2 (W.D. Ky. Oct. 23, 2019). As no other defendants have opposed the motion to remand in this case, the Court need not address this issue.

*sponte*, and must be raised by a party within thirty days of removal or they are waived." *Loftis*, 342 F.3d at 516-17 (citing 28 U.S.C. § 1447(c)).

In this case, it is undisputed that defendant EMMA Transport has not appeared in this matter and has neither consented to nor opposed removal. It is further undisputed that EMMA Transport has neither supported nor opposed the motion to remand this action, even though the time to do so has passed. Therefore, if EMMA Transport was properly joined and served, the rule of unanimity has not been satisfied, and this matter must be remanded.

Wholestone Farms does not challenge EMMA Transport's joinder, but it contends that FSL failed to properly serve EMMA Transport with the complaint. (Doc. 14 at PAGEID 281-82). The parties agree that, because FSL filed the complaint in the Hamilton County Court of Common Pleas, the Ohio Rules of Civil Procedure govern service of process. (Doc. 14 at PAGEID 281; Doc. 15 at PAGEID 289).

Pursuant to Ohio Rule of Civil Procedure 4.1(A)(1)(a):

Evidenced by return receipt signed by any person accepting delivery, service of any process shall be by United States certified or express mail unless otherwise permitted by these rules. The clerk shall deliver a copy of the process and complaint or other document to be served to the United States Postal Service for mailing at the address set forth in the caption or at the address set forth in written instructions furnished to the clerk as certified or express mail return receipt requested, with instructions to the delivering postal employee to show to whom delivered, date of delivery, and address where delivered.

As used in Rule 4.1(A)(1)(a), "Ohio case law establishes that 'any person' should be understood broadly" to encompass any person receiving the delivery at the designated address. *Grimm Scientific Ind., Inc., v. Foam Supplies, Inc.*, No. 2:22-cv-1477, 2022 WL 16569213, at *2 (S.D. Ohio Nov. 1, 2022). However, "if there was evidence establishing that a mail carrier signed the return receipts, then there would not be a rebuttable presumption of valid service and service

8

would be improper." *Id.* at *3. Service of process under Rule 4.1(A)(1)(a), "shall be made" upon a corporation:

> by serving the agent authorized by appointment or by law to receive service of process; or by serving the corporation at any of its usual places of business by a method authorized under Civ. R. 4.1(A)(1); or by serving an officer or a managing or general agent of the corporation.

Ohio R. Civ. P. 4.2(F). A motor carrier "shall designate an agent in each State in which it operates by name and post office address on whom process issued by a court with subject matter jurisdiction may be served in an action brought against that carrier. . . ." 49 U.S.C. § 13304(a).

In this case, EMMA Transport, a motor carrier, designated Kirk McCracken at 11811 Mason Montgomery Road, Cincinnati, Ohio 45249 to receive service of process in Ohio. (Doc. 7-2 at PAGEID 136). Pursuant to Ohio Civil Rule 4.2, FLS provided the name and address of Kirk McCracken, EMMA Transport's designated agent, to the Hamilton County Clerk to receive service of process. In accordance with Ohio Civil Rule 4.1(A)(1)(a), the Clerk arranged service of process by certified mail via the United States Postal Service at the address provided. (Doc. 7-1). On December 11, 2023, the United States Postal Service notified the Hamilton County Clerk of Courts that the summons and complaint had been delivered via certified mail with return receipt on December 8, 2023 at 3:51 p.m. (Doc. 7-1 at PAGEID 129). The Clerk then docketed the delivery of the summons and complaint to EMMA Transport's authorized service agent, including the certified mail receipt number. (*Id.* at PAGEID 133). Neither party disputes these facts.

Wholestone contends that EMMA Transport has not properly been served because certified mail service has not been completed at the Miami, Florida headquarters address for either EMMA Transport or Maria Fernandez.[6] (*see* Doc. 7-1 at PAGEID 132-33). However,

---

[6] FLS tacitly acknowledges that Maria Fernandez has not been properly served, and the Court agrees.

Ohio Rule of Civil Procedure 4.2(F) authorizes service on a corporation by serving the "agent authorized by appointment or by law to receive service of process; *or* by serving the corporation at any of its usual places of business. . . ." (emphasis added). Accordingly, FSL accomplished service on EMMA Transport when the authorized Ohio agent received the summons and complaint via certified mail on December 8, 2023. Because EMMA Transport was properly joined and served in this action, Wholestone cannot remove the case to federal court without EMMA Transport's consent. As indicated above, EMMA transport has not consented to removal. Therefore, FSL's motion to remand this action to state court should be granted.

## V. Attorney Fee Award

FSL requests an award of attorney fees incurred as a result of Wholestone's improper removal. (Doc. 7 at PAGEID 126). Wholestone requests an award of attorney fees incurred defending FSL's allegedly baseless motion to remand. (Doc. 14 at PAGEID 282-84).

Pursuant to 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." "The standard for awarding fees and costs after remanding a removed case 'should turn on the reasonableness of the removal.'" *Calvary Ind., Inc. v. Winters*, No. 1:23-cv-1, 2023 WL 1211998, at *7 (S.D. Ohio Jan 30, 2023) (quoting *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005)). "[A]n award of costs and fees under 28 U.S.C. § 1447(c) may be appropriate where the removing party lacked an 'objectively reasonable basis for seeking removal.'" *Silvani v. Chang*, No. 1:23-cv-222, 2024 WL 2931181, at *6 (S.D. Ohio June 11, 2024) (Hopkins, J.) (quoting *Martin*, 546 U.S. at 141). *See also HealthCare Facility Mgmt. LLC v. Engnan*, Nos. 1:23-cv-246 through 1:23-cv-250, 2023 WL 5846874, at *2 (S.D. Ohio Sept. 11, 2023) ("In general, objectively <u>un</u>reasonable removals should result in fee awards to plaintiff.") (quoting

*Warthman v. Genoa Twp. Bd. of Trustees*, 549 F.3d 1055, 1060 (6th Cir. 2008)). District courts enjoy "considerable discretion" in determining whether to award costs and attorney fees under § 1447(c). *Warthman*, 549 F.3d at 1059. When exercising that discretion, courts should be "'faithful to the purposes' of awarding fees under § 1447(c)." *HealthCare Facility Mgmt. LLC*, 2023 WL 5846874, at *3 (quoting *Martin*, 546 U.S. at 141). Specifically:

> The process of removing a case to federal court and then having it remanded back to state court delays resolution of the case, imposes additional costs on both parties, and wastes judicial resources. Assessing costs and fees on remand reduces the attractiveness of removal as a method for delaying litigation and imposing costs on the plaintiff. The appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied.

*Id.* at *3 (quoting *Martin*, 546 U.S. at 140).

In this case, FSL initiated this action in state court alleging only state law claims. Even though Wholestone had access to the state court docket sheet indicating that EMMA Transport's authorized Ohio agent received the summons and complaint via certified mail on December 8, 2023, Wholestone removed the action to this Court more than a month later without obtaining EMMA Transport's consent to remove. Once FSL moved to remand this action and noted relevant legal precedents, Wholestone elected to contest the remand motion rather than acknowledge that it failed to obtain EMMA Transport's consent for removal, thereby delaying this matter for approximately nine months. Therefore, an award of attorney fees and costs under § 1447(c) is appropriate.

11

**IT IS THEREFORE RECOMMENDED THAT**:

1. Plaintiff's motion to remand (Doc. 7) be granted and this matter be remanded to the Court of Common Pleas in Hamilton County, Ohio; and

2. Plaintiff be awarded attorney fees and costs incurred as a result of removal in an amount to be determined if this recommendation is adopted.

Date: 9/23/2024

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| FIRST STAR LOGISTICS, LLC,<br>        Plaintiff, | Case No. 1:24-cv-50<br>Hopkins, J.<br>Litkovitz, M.J. |
|         v. | |
| WHOLESTONE FARMS<br>COOPERATIVE, INC., *et al.*,<br>        Defendants. | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.  This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).