IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| FIRST STAR LOGISTICS, LLC, | : |
| *Plaintiff*, | : |
| | : Case No. 1:24-cv-50 |
| vs. | : |
| | : Judge Jeffery P. Hopkins |
| WHOLESTONE FARMS | : |
| COOPERATIVE, INC., *et al.*, | : |
| *Defendants*. | : |

**ORDER ADOPTING REPORT AND RECOMMENDATION AND REMANDING THIS CASE TO THE HAMILTON COUNTY COURT OF COMMON PLEAS**

On September 23, 2024, Magistrate Judge Karen L. Litkovitz issued a Report and Recommendation (Doc. 17) recommending that this Court (1) grant Plaintiff's motion to remand (Doc. 7) and remand this matter to the Court of Common Pleas in Hamilton County, Ohio, and (2) award Plaintiff attorney fees and costs incurred as a result of removal. Doc. 17, PageID 313. Defendant timely objected. Doc. 21. Defendant does not contest remand, and solely objects to the Magistrate Judge's finding that attorney fees are proper.

As an initial matter, the Court must address the standard of review that applies to Defendant's narrowed objections. If a party timely objects to a report and recommendation on a dispositive matter, the Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b). If, however, a party timely objects to a Magistrate Judge's ruling that addresses a non-dispositive matter, the Court must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a).

The Magistrate Judge's findings relating to the appropriateness of attorney fees and costs incurred as a result of removal qualifies as a non-dispositive matter. *See Sibert v. Norwest Bank*, 166 F. App'x 603, 606 (3d Cir. 2006) ("The District Court properly observed [] that the dispositive aspect of the case was the remand motion itself; not the fee request."). This finding is consistent with the approach taken by the court in *Zipline v. Logistics, LLC v. Powers & Stinson, Inc.*, No. 2:15-cv-00693, 2015 WL 5139084 (S.D. Ohio Sept. 2, 2015)—the primary case upon which Defendant relies. The magistrate judge in *Zipline* recommended that the plaintiff's motion to remand be granted but that the court deny the plaintiff's request for attorney fees. *Id.* at *1. Because the defendant did not object to remand, the only issue for the district judge to review based on the plaintiff's objections was the declined attorney fee award, and that was treated as a non-dispositive issue subject to the standard set forth in Rule 72(a). *Id.* at *2. Thus, in light of Defendant's narrowed objections, this Court will, as in *Zipline*, consider whether the Magistrate Judge's attorney fees award was "clearly erroneous or is contrary to law."

The "clearly erroneous" standard applies to factual findings while legal conclusions are reviewed "under the more lenient 'contrary to law' standard." *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992). To qualify as clearly erroneous, "'a decision must strike us as more than just maybe or probably wrong; it must . . . strike us as wrong with the force of a five-week-old, unrefrigerated dead fish.'" *United States v. Perry*, 908 F.2d 56, 58 (6th Cir. 1990) (quoting *Parts and Elec. Motors, Inc. v. Sterling Elec.*, Inc., 866 F.2d 228, 233 (7th Cir. 1988)). Under the "contrary to law" standard, review is "plenary," and the court "'may overturn any conclusions of law which contradict or ignore applicable precepts of law, as found in the Constitution, statutes, or case precedent.'" *Gandee*, 785 F. Supp. at 686.

Here, the Magistrate Judge's findings are not clearly erroneous or contrary to law. Rather, the Magistrate Judge's findings are consistent with the interests served by awarding costs and fees under 28 U.S.C. § 1447(c), which provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Such an inquiry turns on whether the defendant had an "objectively reasonable" basis to remove the case and whether any "unusual circumstance" justifies departure from the objectively-reasonable-basis rule. *A Forever Recovery, Inc. v. Township of Pennfield*, 606 F. App'x 279, 281 (6th Cir. 2015); *see also HealthCare Facility Mgmt. LLC v. Engnan*, Nos. 1:23-cv-246 through 1:23-cv-250, 2023 WL 5846874, at *2 (S.D. Ohio Sept. 11, 2023) ("In general, objectively unreasonable removals should result in fee awards to plaintiff.") (quoting *Warthman v. Genoa Twp. Bd. of Trustees*, 549 F.3d 1055, 1060 (6th Cir. 2008)).

Defendant cites to several cases where district courts have declined to award attorney fees based on removing defendants' failures to obtain consent for removal from other defendants. However, there are other cases in this Circuit where district courts have reached the opposite conclusion. *See e.g.*, *Planned Parenthood Sw. Ohio Region v. Ohio Dep't of Health*, No.: 1:21-cv-00189, 2021 WL 1169102, *5–6 (S.D. Ohio March 29, 2021); *Barajas Salcedo v. Williams Chevrolet, Inc.*, No. 1:07-cv-104, 2007 WL 1594467, at *3 (W.D. Mich. June 1, 2007); *Maguire v. Genesee County Sheriff*, 601 F. Supp. 882, 886 (E.D. Mich. 2009); *see also Hawkins v. O'Brien*, No. C-3-07-278, 2007 WL 9734704, at *3 (S.D. Ohio Sept. 10, 2007). On both fronts, these courts have exercised the "considerable discretion" that district courts enjoy "to award or deny costs and attorney fees under 28 U.S.C. § 1447(c)." *Warthman*, 549 F.3d at 1060.

3

The Magistrate Judge appropriately determined that, despite having access to the state court docket sheet which reflected that EMMA Transport's authorized Ohio agent had received the summons and complaint via certified mail—which qualifies as proper service under Ohio's rules—Defendant nevertheless removed this action to this Court without obtaining EMMA Transport's consent to remove. And rather than acknowledging that it had failed to obtain such consent, Defendant contested Plaintiff's remand motion, which caused further delay in this case. As an added fact, this Court notes that Defendant went so far as to urge this Court to award Defendant costs, expenses, and attorney fees that "it was forced to incur" as a result of opposing Plaintiff's "unfounded" remand motion. Doc. 14, PageID 282–83. Thus, given the law, the facts, and the considerable discretion afforded to courts under § 1447(c), this Court cannot conclude that the Magistrate Judge's findings are clearly erroneous or contrary to law.[1]

Accordingly, consistent with the foregoing, Defendant's objections (Doc. 21) are **OVERRULED**, and the Magistrate Judge's Report and Recommendation (Doc. 17) is adopted in its entirety. Plaintiff's motion to remand (Doc. 7) is therefore **GRANTED** and this matter shall be **REMANDED** to the Court of Common Pleas in Hamilton County, Ohio. Defendant shall be **ORDERED** to pay attorney fees and costs incurred as a result of removal in an amount to be determined. This matter shall be **REFERRED** to Magistrate Judge Litkovitz for the fees and costs determination. *See Stallworth v. Greater Cleveland Reg'l Transit Auth.*, 105 F.3d 252, 257 (6th Cir. 1997) (holding that "a district court, after issuing an order of remand, may make an award of attorney fees and costs in a separate order").

---

[1] Even if the Magistrate Judge's findings were subject to de novo review, this Court nevertheless finds that an award of attorney fees and costs is proper under § 1447(c).

4

**IT IS SO ORDERED.**

Dated: March 25, 2025

Hon. Jeffery P. Hopkins
United States District Judge